## STATE v McCOY

Ohio Common Pleas, Crawford Co

No 2735. Decided Feb 17, 1933

AHL, J.

Sec 12404, GC, provides that:

"Whoever UNLAWFULLY kills another, except in the manner described in the next four preceding sections, is guilty of manslaughter."

Hence the term UNLAWFUL becomes important. There are two types of manslaughter possible under the Ohio statutes, namely: voluntary and involuntary. In voluntary manslaughter, the will of the accused plays the important part, for, as the term indicates, an intentional killing is meant. Involuntary manslaughter is the unintentional killing of a human being while in the commission of an unlawful act, which act is the proximate cause of the killing. There being no intentional killing in the instant case, the defendant, if guilty, must be found guilty of involuntary manslaughter. The burden, therefore, rests upon the state to prove beyond a reasonable doubt that the defendant at the time of the shooting was in the commission of an unlawful act. The shooting being the proximate cause of the killing, the State must prove by the requisite degree of proof that the shooting was unlawful.

The decisions of the courts of Ohio hold that in dealing with the crime of manslaughter, that the unlawful act must be made so by statute and that there are no common law crimes in this state. Following up these holdings our courts have held that in reference to manslaughter, criminal negligence was not unlawful unless made so by statute.

The deciding question in this case then is whether or not the shooting by the defendant under the above circumstances was prohibited by statute and therefore criminal and unlawful. The court has not had the assistance of a brief filed on behalf of the State, but has carefully read §13048, GC, and the case of **State of Ohio v Knapp, 70 Oh St, 380**, orally cited by the State, and in addition thereto the court has carefully searched the statutes of this State and especially has the court considered §12817, GC. The last mentioned section ends with the following words: "But nothing herein shall prevent or prohibit the owner thereof from discharging fire arms upon his own enclosure." This statute by its very terms specifically excepts a shooting by a person on his own property from being a criminal

act. The Supreme Court in the case of **Martin v State, 70 Oh St, 219,** in passing on a manslaughter case wherein the defendant fired a gun while, standing in his own yard and the ball struck and killed a young man at a distance of about 200 yards away, held that one who discharges fire arms on his own premises is not guilty of a violation of §6962, R. S., and one who unintentionally shoots and kills another by discharging fire arms on his own premises, is not thereby guilty of manslaughter. R. S. 6962 is now §12817 GC. The wording of the statutes and the interpretation of the Supreme Court very definitely is to the effect that such a shooting is not unlawful under this section of the General Code and an unintentional killing under such circumstances is not manslaughter.

Sec 13048 GC which was orally cited by counsel for the State is found in the chapter of our General Code entitled "Sabbath Desecration" and is as follows:

"Whoever being over fourteen years of age, engages in sporting, rioting, quarreling, hunting, fishing or shooting, on Sunday, shall be fined," etc.

The shooting in the present case occurred at about 1:30 Sunday morning, January 1st. If the shooting in this business place was a violation of §13048, GC, then the defendant would be guilty of manslaughter. This court has been unable to find any decisions interpreting §13048, GC, and this court is of the opinion that this section being one of a number of sections of our General Code in the chapter entitled "Sabbath Desecration", was meant and intended to prevent the desecration of the Sabbath Day and that the firing of the five shots in the business place of the defendant under the circumstances and at the time as shown by the evidence, did not violate this section of law and that the defendant in firing said shots was not in the commission of an unlawful act. There can be circumstances under which the firing of one shot would be a violation of this section, depending upon the time, place and surrounding conditions, but it is the opinion of this court that the shooting in order to be unlawful, must be in a more public place in order that the shooting would have a tendency to disturb the peace and quiet of the people generally on Sunday, as it is the peace and quietness of Sunday that the statute was meant to conserve.

Had there been an ordinance of the Village of New Washington prohibiting the discharge of fire arms within the municipal limits, this shooting would have been a violation of such ordinance, would have been unlawful and the defendant would be guilty of the crime of manslaughter. However, no such ordinance was introduced in evidence and if there be one the court can not take judicial notice of the same, as all ordinances must be provided.

For the reasons above given, this court is of the opinion that the defendant was not in the commission of an unlawful act in shooting under the circumstances shown herein and is therefore not guilty of manslaughter, nor any crime of lesser degree.

Defendant found "Not Guilty" and ordered discharged.